McBRIDE, Judge.
Plaintiff’s Chevrolet automobile sustained damage when it collided with defendant’s Chevrolet on September 27, 1954, about 6:30 p. m., on the Florida Avenue Bridge spanning the Industrial Canal. Plaintiff sued defendant for the amount of his damage alleging, among other things, that defendant negligently attempted to pass plaintiff’s car without having his automobile under proper control. Defendant in answer denied that he was in anywise negligent and averred, on the contrary, that it was plaintiff who was guilty of negligence in attempting to pass his car on the right. In the alternative, the plaintiff is charged with contributory negligence. Defendant then set up a reconventional demand in which he claimed the amount of his damage. After a trial on the merits below, both the main and the incidental demands were dismissed and plaintiff has appealed.
The only eyewitnesses to the accident were the parties themselves, each being the driver of his respective automobile. The cars were moving in the direction of uptown with defendant’s automobile closely following plaintiff’s car. Plaintiff says he was traveling in the right lane and that when he had reached about the middle of the bridge, defendant “swung” out from behind him into the center lane and attempted to pass and that during this maneuver the right part of defendant’s automobile hit the left rear fender of his car.
Defendant’s explanation is that just as he had passed plaintiff, the latter “cut out” of the right lane and speeded up and that the left side of plaintiff’s automobile hit the right side of his car.
The trial judge evidently thought that both drivers were guilty of negligence else he would not have dismissed both demands. Unquestionably he believed that there was substance to defendant’s version that plaintiff veered left and speeded up. This being so, if it can be said that the defendant was negligent, plaintiff was also guilty of negligence proximating the accident and the dismissal of the main demand was correct. This was only a question of fact and the trial judge, who saw and heard the witnesses, was in the best position to weigh the testimony and determine their veracity, and we do not perceive any manifest error *566 in the judgment insofar as it runs against plaintiff. The reconventional demand is not before us as defendant neither appealed nor made answer to plaintiff’s appeal.
Therefore, the judgment appealed from is affirmed.
Affirmed.